## CURTIS v J. L. SHUNK RUBBER CO

Ohio Appeals, 9th Dist, Summit Co

No 1864. Decided Feb 9, 1931

Lawrence M. Rich, Cleveland, for Curtis.

Slabuagh, Seiberling, Huber & Guinther, and Colton & Wendt, all of Akron, for Rubber Co.

376

WASHBURN, J.

The issue between said parties is this: Myrtle Curtis claims that at the time said $16,000 mortgage was canceled and the two new mortgages taken in the place thereof, her brother agreed with her that her mortgage for $8,000 should be a first mortgage upon said premises and have priority over the mortgage to his wife; and it is claimed by Louis Earl Shunk that the arrangement was that, as between the two mortgages, neither should have priority but that the two should take the place of the old one and that the rights of the parties in said property should be the same as they were under the old mortgage, and that it was an error that the mortgage to his wife was marked filed first by the recorder.

In view of the fact that Shunk and his wife have realized on their mortgage, which in the hands of the bank is a first lien upon the proceeds of the sale of said property, they agree that an order may be made requiring them to account to Myrtle Curtis for any deficiency there may be after the sale of said premises, said accounting to be on the basis of both mortgages being of equal priority.

The evidence upon said issue between said parties is somewhat vague and indefinite, and in some particulars quite conflicting. After a carfeul consideration of the evidence, we have reached the conclusion that Myrtle Curtis has failed to establish, by a preponderance of the evidence, that there was an agreemet that her mortgage should be a lien upon the premises superior to the lien of the mortgage to Shunk's wife, and that therefore she is entitled to an accounting only on the basis of said two mortgages being of equal priority and representing the interests of the parties as they were when the original mortgage was in existence.

That conclusion is the same as the Common Pleas Court arrived at; and there being no controversy as to the rights of other parties to the suit or the other matters involved in the suit, a decree may be entered in this court the same as was entered in the Common Pleas Court, and the cause remanded for execution.

Funk, J, concurs.

Pardee, PJ, not participating.